IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VINCENT TRULSON, | CV. 06-905-AS |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Before the court is the Social Security Commissioner's Motion to Dismiss (#4). Plaintiff Vincent Trulson ("Trulson") seeks reversal of the Appeals Council's denial of his request for review. The Commissioner moves to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, asserting the lack of a final decision made after a

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. He is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. section 405(g).

Page -1- FINDINGS AND RECOMMENDATION

hearing, as required by 42 U.S.C. § 405(g). For the reasons discussed below, the Commissioner's Motion (#4) should be GRANTED and the case should be DISMISSED.

## BACKGROUND

Trulson applied for a period of disability and disability insurance benefits on August 1, 1999, claiming disability beginning October 15, 1996, due to lumbar strain, fibromyalgia, hip joint pain, chronic headaches, and neck and left arm pain. The application was denied initially and upon reconsideration. An administrative law judge ("ALJ") held a hearing on September 27, 2002. Although he was represented by counsel at the hearing, Trulson did not attend. Instead, Trulson stated that he wanted a decision based on the evidence of record. The ALJ's November 9, 2002, decision found that Trulson was not disabled. The Appeals Council denied review on July 1, 2004.

Trulson filed the present application for disability insurance benefits on January 22, 2004, claiming disability beginning February 2, 1997, due to back and neck pain, arthritis, fibromyalgia, and mental impairments. An ALJ held a hearing on August 24, 2005, at which Trulson was represented by counsel. The ALJ heard testimony from Trulson, and from medical and vocational experts. In his September 22, 2005, decision, the ALJ concluded that res judicata applied, and dismissed Trulson's request for hearing. The Appeals Council agreed that res judicata applied, and denied Trulson's request for review.

## STANDARDS

**I.    Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure confronts the court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction

and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994). Plaintiff bears the burden of proof that jurisdiction exists. Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).

"[W]here a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction by the standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. In such a situation, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quotation omitted).

However, the Rule 12(b)(1) standard is not appropriate where issues of jurisdiction are intertwined with the merits of an action. Id. Issues of jurisdiction will normally be considered intertwined with the merits where a statute provides the alleged basis for both jurisdiction and substantive relief. Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quotation and citation omitted). "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in Bell v. Hood." Roberts, 812 F.2d at 1177 (quotation omitted). Such dismissals are only permitted where the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Id. (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Where jurisdiction and the merits are intertwined, courts apply the Rule 12(b)(6) standard. Id.

The jurisdictional issue in this case — whether or not the doctrine of res judicata applies to Trulson's present claim — is not only intertwined with the merits, it is the primary issue

Page -3- FINDINGS AND RECOMMENDATION

before the court. If res judicata applies, the case must be dismissed, unless an exception applies. If not, the court must reverse and remand. Moreover, 28 U.S.C. 405(g) is the basis for both jurisdiction and relief. The Commissioner does not assert that an exceptional circumstance, such as frivolousness, applies. Therefore the court will apply the Rule 12(b)(6) standard.

## II.  Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Because the court rules before it receives any evidence, such motions are disfavored. C. Wright & A. Miller, Federal Practice and Procedure § 1357 (1984). For purposes of the motion, the factual allegations in the complaint are presumed to be true and are viewed in the light most favorable to the non-moving party. Cassettari v. County of Nevada, 824 F.2d 735, 737 (9th Cir. 1987). A motion to dismiss under Rule 12(b)(6) will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). The court may not dismiss a claim merely because the pleadings indicate that the likelihood of prevailing is remote. See Scheuer, 416 U.S. at 236. The court may consider facts alleged in the complaint; documents attached to the complaint; and documents attached to defendant's motion, if their authenticity is not questioned and they are either referred to in the complaint or crucial to plaintiff's claims. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

## III.  Res Judicata

District courts have jurisdiction to review "final decision[s]" of the Commissioner "made after a hearing." 42 U.S.C. § 405(g). The Commissioner's decision to apply res judicata to a

claim, or not to reopen a previously adjudicated claim, is not a "final decision" subject to district court review. Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985) (citation omitted). Following such a decision, the reviewing court has jurisdiction only if: (a) res judicata was improperly applied to a new claim; (b) a de facto reopening occurred; (c) review is necessary to prevent manifest injustice or the contravention of an overriding public policy; or (d) there is a colorable constitutional claim. Id. at 588-89; Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997).

## DISCUSSION

Trulson argues that res judicata does not bar his present claim because: (a) it is a new claim; (b) the Commissioner de facto reopened his first claim; and (c) he alleges a colorable constitutional claim.

Although the full administrative records of Trulson's claims are not before the court, it may nonetheless be possible to pursue the threshold res judicata-applicability inquiries. See McGowen v. Harris, 666 F.2d 60, 66 (4th Cir. 1981) (administrative record unnecessary where identity of claims or fact of reopening is apparent as a matter of law from the district court record). Applying the Rule 12(b)(6) standard, the court considers the facts alleged in the Complaint to be true, and views them in the light most favorable to Trulson. See Cassettari, 824 F.2d at 737. The court also considers exhibits B through F to Defendant's Memorandum, because the Complaint references each document (¶¶ 2.1-2.3), each is crucial to Trulson's claim, and neither party challenges their authenticity. See Parrino, 146 F.3d at 705-06.

**I.    The second claim is the same as the first**

Trulson argues that his January 22, 2004, claim ("present claim") is new because it is

based on a new condition and new facts.  (Resp. 6, 7.)

### Legal Standard

Res judicata doctrine, as adapted to the administrative context, determines whether a disability claim is the same as a previous claim.  Stuckey v. Weinberger, 488 F.2d 904, 911 (9th Cir. 1973).  While res judicata is not rigidly applied in the administrative context, "the doctrine retains full force when applied to adjudications of 'past facts, where the second proceeding involves the same claim or the same transaction.'"  Id. (quoting 3 Kenneth Culp Davis, Administrative Law Treatise § 18.03 (1958 ed. & Supp. 1971)).  The question is "whether the two claims differ so substantially in some respect that resolution of the first does not bar adjudication of the second."  2 Richard J. Pierce, Jr., Administrative Law Treatise § 13.3 (4th ed. 2002).

### Discussion

The parties do not dispute the fact that the dispositive issue in the first claim — whether or not Trulson was disabled on or before December 31, 2001, his date last insured — is also dispositive of the present claim.  Instead, Trulson argues that the present claim is new because it is "based on the worsening of his physical condition due to an assault that occurred on November 12, 2001."  (Compl. ¶ 2.3.)

Gregory v. Bowen considered whether a plaintiff's second disability claim was barred by res judicata due to her prior claim.  844 F.2d 664 (9th Cir. 1988).  The court held that res judicata did not bar her second claim, which raised the new issue of psychological impairments.  "Because Gregory was not represented by counsel when she filed her 1981 claim, the rigid application of res judicata would be undesirable."  Id. at 666 (citing Thompson v. Schweiker,

Page -6- FINDINGS AND RECOMMENDATION

665 F.2d 936, 941 (9th Cir. 1982), for the proposition that an ALJ has a more exacting duty to probe for relevant facts where a claimant is not represented by counsel). In contrast, Krumpelman held that the second claim of that plaintiff, who was represented by counsel, was the same as his first claim because both covered the same time period, and both alleged head, back, and neck injuries. 767 F.2d at 587-88.

According to the ALJ's November 9, 2002, decision, Trulson claimed "that he became disabled on October 15, 1996 due to lumbar strain, fibromyalgia, hip joint pain, chronic headaches, neck and left arm pain." (Dunaway Decl. Ex. B at 5.) The decision also discusses Trulson's diagnoses of "major depressive disorder," "agoraphobia," "alcohol dependence and cannabis abuse." Id. at 6.

According to the second ALJ's September 22, 2005, dismissal order, Trulson claimed that "his disability began on February 2, 1997, due to back and neck pain, arthritis, fibromyalgia and mental impairments." (Dunaway Decl. Ex. D at 3.)

The physical impairments described in the two ALJs' decisions are nearly identical. Both include back and neck injuries, and fibromyalgia. While the second decision mentions arthritis separately from fibromyalgia, Trulson does not assert that the November 12, 2001, assault gave him arthritis by December 31, 2001.

Moreover, Trulson gives no reason for his failure to present evidence of his injuries from the November 12, 2001, assault at his September 27, 2002, hearing. Claimants who are represented by counsel must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). Like Krumpelman and unlike Gregory, Trulson was represented by counsel at the ALJ hearing on his

first claim.  (Dunaway Decl. Ex. B at 4.)  Unlike the psychological impairments in Gregory, Trulson presents no new facts that differ so substantially that resolution of his first claim should not bar adjudication of his second.

### Conclusion

The court finds that Trulson's present claim is the same as his first claim.  The Commissioner properly concluded that it was barred by the doctrine of res judicata.

## II.     The Commissioner did not reopen the original claim

Trulson argues that, even if the present claim is the same as the first, and res judicata could have applied, the Commissioner de facto reopened the claim.

### Legal Standard

If the Commissioner reopens a claim despite res judicata's applicability, the court has jurisdiction to review the merits of the Commissioner's determination.  Krumpelman, 767 F.2d at 588-89 (citing McGowen, 666 F.2d at 66).  The Commissioner de facto reopens an already-adjudicated claim by considering it "on the merits."  Lester v. Chater, 81 F.3d 821, 827 n.3 (9th Cir. 1996) (citing Gregory, 844 F.2d at 666).  However, a claim is not reopened when the Commissioner merely reviews the merits to determine whether the claims are in fact the same and, if so, whether to exercise discretion and reopen it.  Krumpelman, 767 F.2d at 589.  Where the ALJ's review of the evidence is followed by a specific finding that res judicata applies, or that the evidence does not merit reopening, there is no reopening.  Id.

### Discussion

Trulson argues that the claim was de facto reopened because "the ALJ conducted a hearing with medical and vocational testimony, as well as the testimony of Trulson." (Resp. 8

Page -8- FINDINGS AND RECOMMENDATION

(citing McDonald v. Barnhart, No. C 01-03738 WHA, 2002 WL 31663233 (N.D. Cal. 2002) (not reported in F.Supp.2d)).) But McDonald held that a claim had *not* been reopened — even though the ALJ not only held a hearing, but found McDonald disabled — because the Appeals Council reviewed the ALJ's decision and applied res judicata. 2002 WL 31663233 at *3. Trulson also argues that the claim was reopened because the Commissioner presented no evidence that the present claim was "submitted or treated as a petition to reopen." (Resp. 8 (quoting Purter v. Heckler, 771 F.2d 682, 693 (3rd Cir. 1985)).) But the balance of the paragraph from which Trulson quotes — "the Secretary made no specific denial of a request to reopen . . . . and made an adverse ruling on the merits" — makes this case distinguishable. Purter, 771 F.2d at 693.

In his September 22, 2005, Order of Dismissal, the ALJ found that "[n]o new evidence has been submitted that would change the findings of the prior decision," and concluded that "the doctrine of res judicata is applicable in this matter[.]" (Dunaway Decl. Ex. D at 4.) The Appeals Council agreed, and denied review. (Dunaway Decl. Ex. E at 1.) Under Krumpleman, the Commissioner did not reopen the claim. The cases cited by Trulson do not change that result.

### Conclusion

The court finds that the Commissioner did not de facto reopen Trulson's claim.

### III.    There is no colorable constitutional claim

Trulson argues that he was deprived of notice and a meaningful opportunity to be heard because the ALJ did not indicate that res judicata might apply to the present claim. (Resp. 8.)

/ / /

**Legal Standard**

District courts have jurisdiction to decide constitutional questions arising from the Commissioner's application of res judicata or refusal to reopen a claim. Califano v. Sanders, 430 U.S. 99, 109 (1977). This exception to the "final decision" requirement of 42 U.S.C. § 405(g), applies "to any colorable constitutional claim of [the denial of] a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997).

**Discussion**

Trulson's sole constitutional claim arises from the fact that there was no mention of res judicata prior to the ALJ's September 22, 2005, ruling. (Resp. 8.) As Trulson's January 14, 2004, application for benefits makes clear, he was aware of his prior application, which covered the same time period. (Dunaway Decl. Ex. C at 1.) Trulson was represented by counsel at the August 24, 2005, hearing before the ALJ. (Dunaway Decl. Ex. D at 3.) The ALJ's September 22, 2005, dismissal notice stated: "You may submit evidence to show why you think I should not have dismissed your request for hearing. You should submit any evidence you wish to [sic] Appeals Council to consider with your request for review." Id. at 2. The "Request for Review of Hearing Decision/Order" form, signed by Trulson and his counsel, instructed: "If you have additional evidence submit it with this request for review. If you need additional time to submit evidence or legal argument, you must request an extension of time in writing now." (Dunaway Decl. Ex. F.)

Even assuming that there was no notice until the ALJ's September 22, 2005, ruling, both the ruling and the review-request form made clear that Trulson could still submit evidence and

Page -10- FINDINGS AND RECOMMENDATION

make arguments about res judicata's inapplicability. Trulson gives no reason why he could not present such evidence or arguments to the Appeals Council. Moreover, Trulson does not describe any evidence or legal arguments that were not presented to the Appeals Council. Cf. Krumpelman, 767 F.2d at 588 (lack-of-notification claim failed because plaintiff did not show prejudice).[2]

## Conclusion

The court finds that Trulson does not make a colorable constitutional claim.

## RECOMMENDATION

The court finds that the Commissioner properly applied the doctrine of res judicata, that the claim was not de facto reopened, and that Trulson presents no colorable constitutional claim. The court therefore lacks subject matter jurisdiction. Defendant's Motion to Dismiss (#4) should be GRANTED and the case should be DISMISSED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **May 24, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when

///

///

---

[2] Because Trulson does not even describe a colorable constitutional claim, his request for the opportunity to amend his Complaint should be denied. (See Resp. 2, 9 n.5.)

Page -11- FINDINGS AND RECOMMENDATION

the response is due or filed, whichever date is earlier.

DATED this 9th day of May, 2007.

        /s/Donald C. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge